# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDRIC DIXON,

    *Plaintiff*,

vs.

ROBERT BANNISTER, *et al.*

    *Defendants*.

2:10-cv-01714-PMP-RJJ

ORDER

    This removed *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the Complaint, Plaintiff Fredric Dixon seeks compensatory and punitive damages together with injunctive and declaratory relief arising from an alleged failure to do followup treatment after a June 2009 dental procedure, leaving his teeth subject to rotting and decay. He alleges that a prison dentist removed his front crowns not realizing that cosmetic dental treatment was not authorized for inmates. Plaintiff alleges that the defendants since have refused, based upon the policy against cosmetic dental procedures, to authorize the followup treatment required of restoring the enamel to his teeth, leaving them subject to decay.

Dixon filed suit in state court against the State of Nevada and NDOC as well as against, in their official and individual capacities, NDOC Director Howard Skolnik, NDOC Medical

Director Robert Bannister, and a prison dentist identified fictitiously as "John Doe." The State removed the action to this Court.

The Complaint fails to state a claim under 42 U.S.C. § 1983 against the State and NDOC as an arm of the State. The State and an arm of the State such as NDOC are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).[1]

While the allegations of the Complaint potentially might present a claim for injunctive and declaratory relief against the defendant officials in their official capacity, the Complaint does not state a viable federal claim for relief for monetary damages against any named defendant.

At the outset, the Complaint fails to state a claim for monetary damages against the defendant officials their official capacity. State officials sued in their official capacity for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will*, *supra*.

Plaintiff further may not recover damages from Director Skolnik and Medical Director Bannister in their individual capacity based solely upon their supervisory responsibility. There is no *respondeat superior* liability under § 1983. An allegation of inadequate supervision is insufficient to establish supervisory liability. A supervisor may be held liable in his individual capacity only if he was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

The Complaint fails to state a claim for monetary damages under the Eighth Amendment against either these two supervisory officials or the John Doe prison dentist. In order to state a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety.

---

[1] The State otherwise waived the state sovereign immunity recognized by the Eleventh Amendment when it removed the action. *See, e.g., Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002); *Embury v. King*, 361 F.3d 562 (9th Cir. 2004).

*See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

As to Defendants Skolnik and Bannister, the Complaint contains no allegations of actual specific fact supporting an inference that these supervisory officials were aware of what procedures the prison dentist was going to perform in June 2009. Nor do the nonconclusory allegations of the Complaint support an inference that these supervisory officials thereafter have been subjectively aware of a serious medical need that requires treatment. Conclusory allegations as to what these defendants "knew or should have known" fail to establish the requisite subjective awareness.

As to the John Doe defendant dentist, the Complaint alleges acts of malpractice and negligence. Plaintiff alleges that the dentist "knew or should have known" that he was not supposed to perform the initial procedure and that he would not be able to perform the followup procedure. Negligence and malpractice are not actionable under the Eighth Amendment. *McGuckin, supra*. Plaintiff fails to allege facts from which it could be inferred that the dentist was subjectively aware that there was an excessive risk to inmate health from his actions.

The Complaint accordingly fails to state a federal claim upon which relief may be granted as to the State and NDOC. The Complaint further fails to state a federal claim for damages against the remaining Defendants Skolnik, Bannister, and John Doe, subject to leave to amend.

/ / / /

1  IT THEREFORE IS ORDERED that the following claims are DISMISSED for failure to state a claim upon which relief may be granted: (a) all claims against the State of Nevada and the Nevada Department of Corrections; and (b) all claims for monetary damages against Defendants Robert Bannister, Howard Skolnik, and John Doe.  The Court will grant Plaintiff leave to amend the complaint within thirty (30) days of entry of this order as to the claims for monetary damages against Defendants Bannister, Skolnik and Doe in their individual capacity.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-01714-PMP-RJJ, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall provide Plaintiff with a copy of the Complaint together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If Plaintiff does not timely mail an amended complaint to the Clerk for filing, the matter will proceed forward only on the claims for declaratory and injunctive relief.

DATED:  January 5, 2011.

_____
PHILIP M. PRO
United States District Judge